# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KELSEY DRU GLEGHORN,   No. 2:17-CV-1085-CMK-P

    Plaintiff,

  vs.   ORDER

SAHIR NASEER, et al.,

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1) and plaintiff's response (Doc. 12) to the court's September 18, 2017, order to show cause.

In the order to show cause, the court stated:

> Plaintiff names the following as defendants: (1) Dr. Sahir Naseer; (2) Dr. Shagufta Yasmeen; and (3) Dr. G. Church. Plaintiff claims that defendants were deliberately indifferent to his serious medical needs when they discontinued opioid medications prescribed after plaintiff's pre-incarceration back surgery. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual

1

punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

///

In this case, documents attached to plaintiff's complaint reveal that plaintiff was examined by prison health care providers prior to discontinuation of opioid medication. The same documents also reflect that plaintiff's health care providers felt that his current opioid medication was making him too sleepy to meaningfully participate in physical therapy. It was the opinion of these health care providers that plaintiff should be switched to a different pain medication for this reason. Given the foregoing, it is clear that plaintiff's claim amounts to a difference of medical opinion, which is not cognizable under § 1983.

Plaintiff was directed to show cause why the action should not be dismissed for failure to state a claim.

In his response to the order to show cause, plaintiff states: "This is not a difference of opinion between prisoner vs. medical providers. It is a difference of opinion concerning appropriate treatment between medical providers at CHCF vs. medical provider of the CDCR." Regardless of how the difference of opinion is characterized, plaintiff concedes that his case concerns a difference of medical opinion. Specifically, the facts alleged in the complaint and revealed by documents attached to the complaint show that examining doctors opined that plaintiff should be switched to a different pain medication, and plaintiff disagrees with that determination. Plaintiff's claim is not cognizable under § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: December 1, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE